UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.: 1:18-CR-360 (CKK) |
| | ) | |
| ABDUL AMAN, | ) | FILED UNDER SEAL |
|    Defendant. | ) | |

## GOVERNMENT'S CONSOLIDATED
## MEMORANDUM IN AID OF SENTENCING AND MOTION FOR
## DOWNWARD DEPARTURE FOR SUBSTANTIAL ASSISTANCE TO AUTHORITIES

The United States, by and through its undersigned attorney, respectfully submits this memorandum in aid of sentencing and motion for a one-level reduction of the applicable offense level for defendant's substantial assistance to authorities.

### Procedural and Factual History

On or about November 7, 2018, a federal grand jury in the District of Maryland charged defendant in a two-count indictment with conspiracy to commit wire fraud and mail fraud in violation of 18 U.S.C. § 1349 and major fraud against the United States in violation of 18 U.S.C. § 1031(a). ECF 2. The charges stemmed from defendant's role in fraudulently recruiting linguists to serve with U.S. combat forces in Afghanistan that did not meet minimum language proficiency standards, in order to improperly obtain bonuses from his employer, Government Contractor #1. *Id.* Following a Consent Motion for Change of Venue, the District of Maryland ordered defendant's case be transferred to this Court on or about November 19, 2018. ECF 1.

On or about January 3, 2019, defendant pleaded guilty to a one-count Superseding Information charging him with one count of conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 371. Sealed Docket. Defendant agreed to a five-page factual basis for the plea that set forth the scheme in detail. Sealed Docket.

**Government's Recommendations**

Per the plea agreement filed in the sealed docket, the government agreed to recommend an adjusted offense level of 12 under the advisory Sentencing Guidelines ("U.S.S.G."), with a two-level reduction for acceptance of responsibility, resulting in an offense level of 10. For the reasons set forth below, defendant provided substantial assistance to authorities in the investigation of other persons. Accordingly, the government requests the Court apply a further one-level reduction to his offense level under U.S.S.G. §5K1.1, and use an offense level of 9 as the starting point for fashioning an appropriate sentence. Using a criminal history category IV, this results in a guidelines range of 12-18 months.[1]

There are a number of ways to quantify and evaluate the damage resulting from Defendant's misconduct. First, he did not do the job that his employer paid him to do, and he obtained extra bonuses of at least $40,000, to which he was not entitled. Second, the United States did not get the benefit of qualified language interpreters that defendant was charged with recruiting. Third, and most importantly, members of the U.S. Armed Forces—combat units, operating "outside the wire," in harm's way on a daily basis—were deprived of the assistance of qualified interpreters as a result of defendant's misconduct. While the government cannot say with certainty that U.S. military members were injured as a result of defendant's actions, it is no stretch to imagine that some were, or at the very least, were placed in greater danger. The government submits that the Court should evaluate defendant's misconduct through all three of these lenses. Notwithstanding defendant's cooperation, for the reasons set forth below, the government recommends a sentence of incarceration within the advisory guidelines range of 12-18 months,

---

[1] The PSR indicates defendant's criminal history score is seven, but calculated his criminal history category as III. The government believes this may be a typo, because seven criminal history points corresponds to a criminal history category of IV. If, however, the government's understanding is incorrect, and defendant's criminal history category is III, the resulting guidelines range is 8-14 months.

followed by a period of supervised release. Because of defendant's precarious financial situation, which the government has no reason to doubt, the government does not believe a fine is appropriate, and is not requesting an order of forfeiture.

Under 18 U.S.C. § 3553(a), the Court should consider several factors in arriving at an appropriate sentence, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed correctional treatment; (3) the Sentencing Guidelines; and (4) the need to avoid unwarranted sentence disparities. The factors which the government views as most relevant to this case are discussed below, and support a sentence within the guidelines range.

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant.**

Defendant knowingly recruited interpreters that did not meeting minimum proficiency standards, and then, with a co-conspirator, faked language screening tests so that the deficient interpreters would be hired by his employer. His motive was financial, because he obtained bonuses from his employer based on the number of his recruits that were hired. Once hired, his recruits were transported, at government expense, to a training facility in Maryland, where they underwent additional language testing and then, if they passed, were deployed to Afghanistan to support U.S. combat forces there. Defendant was paid bonuses even if his recruits failed out of the training facility in Maryland, which many of them did. Some of defendant's candidates, however, were able to make it through the Maryland-based training course, and were deployed to Afghanistan. In these cases, defendant received even higher bonuses. These interpreters' deficient language skills were only discovered when defendant's misconduct came to light and interpreters

in Afghanistan were re-tested. Not only did defendant take advantage of his employer, and the United States, but he also defrauded private citizens that legitimately referred candidates to defendant and Government Contractor #1 out of referral bonuses to which they were entitled.

As stated above, defendant's motive was financial—to obtain recruiting and referral bonuses to which he was not entitled—but the impact of his misconduct went well beyond money. At its core, this case is about how defendant deprived the United States of its right to have qualified linguists serve alongside U.S. combat forces in Afghanistan, and the increased danger to U.S. forces that resulted. It is also about betrayal. Defendant was uniquely positioned to assist his adopted country in its efforts to combat terrorism and restore peace to Afghanistan. Due to his close connections to the Afghan-American community, and his knowledge of languages that were important to the U.S. war effort, defendant was well-suited to recruit linguists to deploy with and assist U.S. combat forces. For that reason, he was employed by Government Contractor #1. By knowingly recruiting unqualified linguists, whom defendant knew would be deployed to Afghanistan, defendant betrayed his country and the trust that it placed in him.

Defendant's actions are perhaps unsurprising, given his lengthy criminal history. From repeated offenses involving alcohol, to harassment, to violence (assault on a police officer in D.C.), to offenses predicated on dishonesty, defendant has had extensive contact with the criminal justice system. While most of his offenses are minor, a pattern emerges: his lack of respect for the law. Defendant has abused alcohol, harassed, lied to, and stolen from other people, and assaulted law enforcement. That he has never been given more than a minimal sentence for these repeated offenses weighs in favor of sentencing him to a period of incarceration in this case.

**(2) The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from**

**further crimes of the defendant, and (D) to provide defendant with appropriate correctional treatment.**

The government submits that a period of incarceration is appropriate given the seriousness of defendant's misconduct standing alone, but even more so when placed in the context set forth above.

The Court should also consider the effects that a period of incarceration will have to deter similar offenses. With the United States engaged militarily abroad, the recruitment of qualified interpreters remains vital, and the United States continues to spend large amounts of money in this area. For example, as recently as 2017, the Department of Defense awarded a 10-year language-services contract to nine companies worth as much as approximately $9.9 billion. *See* https://www.defense.gov/Newsroom/Contracts/Contract/Article/1102176/. Companies and individual recruiters engaged in this field must understand the importance of recruiting qualified interpreters. A sentence of incarceration would deter individual recruiters from engaging in misconduct similar to defendant's, and would encourage contractors to implement stricter internal controls to prevent cheating schemes.

**(3) The sentencing range established by the U.S.S.G.**

In the plea agreement, the government estimated a guidelines range of 8-14 months based on an offense level of 10 and a criminal history category of II. However, the plea agreement makes clear that "if additional convictions are discovered during the pre-sentence investigation by the United States Probation Office" defendant's "criminal history points may increase." Sealed Docket. Here, the PSR indicates that defendant has seven criminal history points, putting him in category IV. Using an offense level of 10 in category IV, the guidelines range is 15-21 months. As set forth below, however, the government recommends a one-level reduction under U.S.S.G. §5K1.1 for substantial assistance, resulting in a guidelines range of 12-18 months.

**Defendant's Cooperation**

Pursuant to U.S.S.G. §5K1.1, the government moves for a one-level reduction to the advisory guidelines range of 10 agreed to in the plea agreement. Details of defendant's cooperation are set forth below.

Following defendant's guilty plea, in early-February 2019, defendant, through counsel, provided the government with the names of other recruiters at Government Contractor #1 whom he claimed were involved in similar recruiting fraud. The government used this list to request from Government Contractor #1, and then to review, additional documents. Defendant's list of names provided the starting point for the government to expand its investigation into recruiting fraud at Government Contractor #1. This investigation is ongoing.

Additionally, in mid-March 2019, the government provided defendant, through counsel, with a packet of documents, and a list of written questions about the documents. The documents contained evidence that defendant's colleagues at Government Contractor #1, some of whom he identified in his list, had engaged in recruiting fraud.  In early-May 2019, defendant, through counsel, provided written answers to the government's questions. The defendant's answers, which the government believes were truthful, were helpful in interpreting the documents and identifying additional subjects.

The government submits that defendant's information aided the government in widening its probe of recruiters at Government Contractor #1. While no additional charges have been brought to date, the government believes its investigation will yield additional charges in the future. Should the Court have additional questions concerning the government's investigation as it relates to information provided by defendant, the government would prefer to answer them *ex parte*. The government does not believe, at this time, that defendant would be a useful witness in

future prosecutions.

## Conclusion

For the forgoing reasons, the United States respectfully requests that the Court sentence defendant to a term of incarceration within the advisory guidelines range of 12-18 months, followed by a period of supervised release.

Respectfully submitted,

ROBERT A. ZINK
Acting Chief, Fraud Section

By:

\_\_\_\_/s/_____
Michael P. McCarthy, D.C. Bar #1020231
Trial Attorney, Fraud Section
Criminal Division
United States Department of Justice
1400 New York Avenue, NW
Bond Building, Fourth Floor
Washington, D.C. 20530
(202) 305-3995
Michael.McCarthy2@usdoj.gov